UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

WILLIAM ALLEN PETERS
AND ALL OTHERS SIMILARILY SITUATED                           PLAINTIFFS

v.                                          CIVIL ACTION NO. 4:14CV-P2-M

ELECTED JAILER - DAVID OSBORNE *et al.*                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, a portion of the complaint will proceed.

### I. STATEMENT OF CLAIMS

Plaintiff William Allen Peters, a convicted inmate incarcerated at the Daviess County Detention Center (DCDC), on his own behalf and on behalf of "All others similarily situated," filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. He sues the DCDC and the following DCDC officers in their individual and official capacities: Jailer David Osborne; Sgt. Crystal Howard; and Deputy Jailers Chris Isbill, Kevin Woosley, and Ms. May.

Plaintiff reports that since his transfer to DCDC on August 30, 2013, he has "been exposed to Toxic Black mold in 4 cells" and has observed "a lot more toxic Black mold in other cells." He claims that despite not being trained or licensed, he was "forced by the defendants to attempt to clean, and remove the Toxic black mold on 3 separate occasions with an unidentified chemical. which did no good because the Toxic black mold grew right back in a Few days." Plaintiff maintains, "I am under extreme duress, my sinusis burn, frequent severe headaches,

swollen eyes, a boil, frequent sore throat, frequent sores in my mouth, and difficulty breathing." He continues, "I've never had so many health issues hit me like this in my life. Nor anything similar in such a short time in my entire life. So I suspect that the Toxic black mold exposure is the contributing factor to my Health deteriorating so rapidy in such a short time." He reports filing numerous verbal and written grievances without receiving a response.

Plaintiff further alleges that the DCDC "has established deliberate indifference to good health and safety of all those employed and also incarserated at this facility . . . . established by their failure to take meaningful action to protect all those employed and incarserated from harm when they knew that a hazzardous threat existed, and failed to act." He claims that Defendants' deliberate indifference "has become policy by practice" and that they "ignore and turn a blind eye . . . in an attempt to relieve themselves of any responsibility for injuries, and the threat of injuries cause by their failure to act meaningfully."

As relief, Plaintiff seeks monetary and punitive damages and an injunction directing the Environmental Protection Agency to perform a "black toxic mold inspection" and to oversee removal of black toxic mold.

## II. ANALYSIS

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604.

2

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Claims on behalf of "All others similarily situated"

Plaintiff cannot maintain this action on behalf of others.

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. That statute, however, "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v.*

*Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (advising that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'") (citation omitted). "'That a non-lawyer may not represent another person in court is a venerable common law rule based on the strong state interest in regulating the practice of law.'" *Cavanaugh ex rel. Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 756 (6th Cir. 2005) (citation omitted), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).

Further, to the extent Plaintiff is seeking to bring a class action on behalf of himself and others similarly situated, courts have repeatedly held that "pro se prisoners cannot adequately represent a class." *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) ("[N]o representative party was available because pro se prisoners are not able to represent fairly the class."); *Holmes v. Mich. Dep't of Corr.*, No. 85-1464, 1986 WL 18651, at *2 (6th Cir. Oct. 1, 1986) (listing published circuit and district court cases holding that "pro se prisoners are not adequate class representatives able to fairly represent the class").

For these reasons, the Court will dismiss the claims asserted on behalf of "All others similarily situated" without prejudice.

### B. Claims against DCDC

The Court will dismiss the claims against the DCDC because the detention center is not an entity subject to suit. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."); *Blay v. Daviess Cnty. Det. Ctr.*, No. 4:07CV-P69-M, 2007 WL 2809765, at *1 (W.D. Ky. Sept. 25, 2007) (dismissing claims against the Daviess County Detention Center because it is not subject to suit); *Ferguson v. Dallas Cnty. Jail*, No. 3:96-CV-2939-D, 1997 WL 86459, at *1 (N.D. Tex. Feb. 26, 1997) (noting that the county jail lacks separate jural existence and is not a separate entity subject to suit).

### C. Official-capacity claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants, therefore, are actually against Daviess County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil-rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). "[I]n an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Kentucky v. Graham*, 473 U.S. at 166 (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 694; *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) ("[T]o demonstrate municipal liability, [a plaintiff] must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy.").

5

Plaintiff alleges a DCDC policy or custom of deliberate indifference in its failure to remove the allegedly toxic black mold. On initial review, the Court will allow the complaint to continue against Defendants in their official capacities.

### D. *Individual-capacity claims*

A complaint filed under § 1983 must show a causal connection between each of the named Defendants and the alleged constitutional deprivation. A § 1983 complaint must allege that specific conduct by each Defendant was the proximate cause of the constitutional injury. *King v. Massarweh*, 782 F.2d 825, 828-29 (9th Cir. 1986). "Congress did not intend § 1983 liability to attach where causation is absent." *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To establish causation, Plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged." *Id.* When the theory of causation is a matter of pure speculation and is nothing more than an hypothetical argument, the pleadings are insufficient to sustain a compensable § 1983 claim. *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994).

While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which Plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375-77 (1976); *see Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (stating "officials are personally liable for damages under [§ 1983] 'only for their own unconstitutional behavior'") (quoting *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)).

While Plaintiff alleges that Defendants have placed his life in danger when on three occasions they forced him to clean and remove toxic black mold and by allowing him to continue to be exposed to toxic black mold, he fails to allege how Defendants were personally involved in the facts alleged in his complaint. Having failed to causally connect his allegations to any of the named Defendants, the individual-capacity claims must be dismissed. **The Court, however, will allow Plaintiff to file an amended complaint providing details as to which Defendant purportedly did what and when**. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

### III. ORDER

For the reasons above, and being otherwise sufficiently advised,

**IT IS ORDERED** that the claims brought on behalf of "All others similarily situated" are **DISMISSED without prejudice**.

**IT IS ORDERED** that the claims against the DCDC are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS ORDERED that the individual-capacity claims against Defendants are DISMISSED without prejudice to filing an amended complaint within 30 days of entry of this Order. Plaintiff shall provide details of Defendants' individual involvement in his claims.** The Court will perform an initial review on the amended complaint. Failure to file an amended complaint within the time allotted will result in dismissal of the individual-capacity claims with prejudice. **The Clerk of Court is DIRECTED to send Plaintiff a § 1983 complaint form with this case number written in the caption.**

7

**IT IS ORDERED that the official-capacity claims against Defendants shall proceed.**

In permitting these claims to proceed, the Court passes no judgment on the merit and ultimate outcome of the action. The Court will enter a separate Scheduling Order governing the development of these continuing claims.

Date: April 4, 2014

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants
     Daviess County Attorney
4414.005