UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**WILLIAM ALLEN PETERS**                                                              **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 4:14CV-P2-JHM**

**DAVID OSBORNE** *et al.*                                             **DEFENDANTS**

## MEMORANDUM OPINION

On October 24, 2014, Defendants, by counsel, filed a motion for summary judgment (DN 29). Therein, Defendants argued, in part, that Plaintiff has abandoned this action. In support, they advised that, in contravention of the Scheduling Order which specifically warned Plaintiff that his failure to comply with that Order could result in the dismissal of his case, Plaintiff failed to provide counsel for Defendants with any records or documentation relevant to his claims by August 25, 2014, and failed to file a pretrial memorandum by September 14, 2014.

Additionally, by Notice filed December 3, 2014, Defendants' counsel advised the Court that on October 24, 2014, he mailed Plaintiff a copy of Defendants' motion for summary judgment at Plaintiff's last known address in the Court's record and that on December 3, 2014, counsel "received the mail back marked unable to forward" (DN 30). By Order entered January 14, 2015 (DN 31), the Court, in case Defendants' motion was returned in error, provided Plaintiff with 21 days in which to file a response to Defendants' motion for summary judgment. The Court warned Plaintiff that should he fail to file a timely response or should the Court's Order be returned by the U.S. Postal Service, the Court would consider this action abandoned and dismiss the action with prejudice.

Review of the record reveals that on January 28, 2015, the copy of that Order sent to Plaintiff at his address of record was returned to the Court by the U.S. Postal Service marked "Attempted Not Known" (DN 32).

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(d) ("All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Because Plaintiff has not provided any notice of an address change to the Court, neither orders from this Court nor filings by Defendants can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id*. "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have inherent power "acting on their own initiative, to clear their calendars of cases that

have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

The record reflects that the last document Plaintiff filed with the Court was a notice of change of address received by the Court on June 10, 2014 (DN 28); that he failed to provide counsel for Defendants with any records or documentation relevant to his claims or to file a pretrial memorandum in compliance with the Scheduling Order; and that he failed to provide an updated address to the Court.

The Court, therefore, concludes that Plaintiff has abandoned any interest in prosecuting this case and will dismiss the action with prejudice pursuant to Rule 41(b) by separate Order.

Date: February 3, 2015

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:    Plaintiff, *pro se*
       Counsel of record
4414.005